UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SCHATZ,<br><br>                               Plaintiff,<br><br>v.<br><br>FLOWERS BAKING CO. OF HENDERSON, LLC; and DOES 1-50,<br><br>                              Defendant. | Case No.: 20cv513-H-LL<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS** |

On June 19, 2020, the Court held an Early Neutral Evaluation Conference ("ENE") in the above-entitled action. Settlement of the case could not be reached during the ENE and the Court therefore conducted a Case Management Conference pursuant to Rule 16.1(d) of the Local Rules. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, **IT IS HEREBY ORDERED**:

1. The parties must file a joint motion for entry of a stipulated protective order, which includes the terms of their agreement for handling confidential documents and information, on or before **July 10, 2020**.

2. Any motion to join other parties, to amend the pleadings, or to file additional pleadings must be filed by **August 18, 2020**.

///

3. On **August 20, 2020** at **11:30 a.m.**, the magistrate judge will hold a telephonic, attorneys-only settlement conference to discuss the status of settlement negotiations and discovery. All required parties shall use the dial-in information that will be filed by the Court as a separate notice on the docket. **The notice will be restricted to case participants only.**

4. All fact discovery shall be completed by all parties on or before **January 4, 2021**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure.

Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Federal Rule of Civil Procedure 37(a)(1) and Civil Local Rule 26.1(a). The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. All discovery motions must be filed within thirty days of the service of an objection, answer or response which becomes the subject of dispute or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached impasse with regard to the particular issue. The Court's procedures for resolving discovery disputes are set forth in Magistrate Judge Linda Lopez's Civil Chambers Rules, which are posted on the Court's website. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

5. The parties must designate their respective experts in writing by **February 4, 2021**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts. The date for exchange of rebuttal experts must be by **February 18, 2021**. Written designations must include the name, address and

telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list must also include the normal rates the expert charges for deposition and trial testimony.

6. By **March 18, 2021**, each party must comply with the disclosure provisions in Rule 26(a)(2)(B) and (C) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. Except as provided in the paragraph below, any party that fails to make these disclosures will not be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial, absent substantial justification. Additionally, the Court may impose sanctions as permitted by Federal Rule of Civil Procedure 37(c).

7. Any party must supplement its disclosure regarding contradictory or rebuttal evidence under Federal Rule of Civil Procedure 26(a)(2)(D) by **April 21, 2021**.

8. All parties must complete all expert discovery by **May 3, 2021**. The parties must comply with the same procedures set forth in the paragraph governing fact discovery.

9. Failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including prohibition on the introduction of experts or other designated matters in evidence.

10. All other pretrial motions must be filed by **June 3, 2021**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed by the Court.

11. A Mandatory Settlement Conference shall be conducted on **August 2, 2021** at **9:30 a.m.** in the chambers of Magistrate Judge Linda Lopez located at **221 West Broadway, Suite 2140, San Diego, CA 92101**. All discussions at the Mandatory Settlement Conference will be informal, off the record, privileged, and

confidential.  Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

     a.    **Personal Appearance of Parties Required**:  All parties, adjusters for insured defendants, and other representatives of a party having full and complete authority to enter into a binding settlement, as well as the principal attorneys responsible for the litigation, must be present **in person** and legally and factually prepared to discuss settlement of the case.  <u>Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.</u>

     Unless there is good cause, persons required to attend the conference pursuant to this Order shall not be excused from personal attendance.  Requests for excuse from attendance for good cause shall be made in writing at least three (3) court days prior to the conference.  Failure to appear in person at the Mandatory Settlement Conference will be grounds for sanctions.

     b.    **Full Settlement Authority Required**:  In addition to counsel who will try the case, a party or party representative with <u>full settlement authority</u>[1] must be present for the conference.  In the case of a corporate entity, an authorized representative of the corporation who is not retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of Plaintiff's prayer (excluding punitive damages prayers).  The purpose of this requirement

---

[1] "Full settlement authority" means that the individuals at the settlement conference must be authorized to explore settlement options fully and to agree at that time to any settlement terms acceptable to the parties.  <u>Heileman Brewing Co. v. Joseph Oat Corp.</u>, 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  <u>Pitman v. Brinker Int'l, Inc.</u>, 216 F.R.D. 481, 485-86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference.  <u>Id.</u> at 486.  A limited or a sum certain of authority is not adequate.  See <u>Nick v. Morgan's Foods, Inc.</u>, 270 F.3d 590, 595-97 (8th Cir. 2001).

is to have representatives present who can settle the case during the course of the conference without consulting a superior.  <u>Counsel for a government entity may be excused from this requirement so long as the government attorney who attends the Mandatory Settlement Conference (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority.</u>

   c. **<u>Confidential Settlement Statements Required</u>**:  No later than **July 23, 2021**, the parties shall submit directly to Magistrate Judge Lopez's chambers (via email address) confidential settlement statements no more than ten (10) pages in length.  **<u>These confidential statements shall not be filed or served on opposing counsel.</u>**  Each party's confidential statement must set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including any previous settlement negotiations, mediation sessions, or mediation efforts, the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference.  If a specific demand or offer for settlement cannot be made at the time the brief is submitted, then the reasons therefore must be stated along with a statement as to when the party will be in a position to state a demand or make an offer.  General statements that a party will "negotiate in good faith" is not a specific demand or offer contemplated by this Order.  It is assumed that all parties will negotiate in good faith.

   d. **<u>Requests to Continue a Mandatory Settlement Conference</u>**:  Any request to continue the Mandatory Settlement Conference or request for relief from any of the provisions or requirements of this Order must be sought by a **written joint motion or *ex parte* application**.  The application must (1) be supported by a declaration of counsel setting forth the reasons and justifications for the relief requested, (2) confirm compliance with Civil Local Rule 83.3(h), and (3) report the position of opposing counsel or any unrepresented parties subject to the Order.  **Absent good cause, requests for continuances**

**will not be considered unless submitted in writing no fewer than (7) days prior to the scheduled conference.**

**If the case is settled in its entirety before the scheduled date of the conference, counsel and any unrepresented parties must still appear in person, unless a written joint notice confirming the complete settlement of the case is filed no fewer than twenty-four (24) hours before the scheduled conference.**

12. Counsel must file their memoranda of contentions of fact and law and take any other action required by Civil Local Rule 16.1(f)(2) by **August 16, 2021**.

13. Counsel must comply with the pretrial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) by **August 16, 2021**. Failure to comply with these disclosure requirements may result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.

14. On or before **August 17, 2021**, the parties shall submit directly to Magistrate Judge Lopez's chambers (via email address) a joint statement regarding their willingness to participate in another settlement conference prior to trial. If applicable, the parties shall propose three mutually available dates. The statement shall not exceed more than one page in length.

15. Counsel must meet and take the action required by Civil Local Rule 16.1(f)(4) by **August 23, 2021**. At this meeting, counsel must discuss and attempt to enter into stipulations and agreements simplifying the triable issues. Counsel must exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits must be prepared in accordance with Civil Local Rule 16.1(f)(4)(c). Counsel must note any objections they have to any other parties' pretrial disclosures under Federal Rule of Civil Procedure 26(a)(3). Counsel must cooperate in the preparation of the proposed pretrial conference order.

16. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **August 30, 2021**, plaintiff's counsel must provide opposing counsel with the proposed

pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's counsel concerning any objections to form or content of the pretrial order. Both parties must promptly attempt to resolve their differences, if any, concerning the order.

17. The proposed final pretrial conference order, including objections to any other parties' Federal Rule of Civil Procedure 26(a)(3) pretrial disclosures must be prepared, served, and lodged with the assigned district judge by **September 3, 2021** in the form prescribed in and in compliance with Civil Local Rule 16.1(f)(6).

18. The final pretrial conference is scheduled on the calendar of the Honorable Marilyn L. Huff on **September 13, 2021** at **10:30 a.m.**

19. The parties must comply with case management orders set by the Court.

20. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

21. The Court will not modify the dates and times set forth in this order except for good cause shown.

22. Pursuant to Civil Local Rule 7.1(h), briefs or memoranda in support of or in opposition to any pending motion must not exceed twenty-five (25) pages in length without leave of a district court judge. Reply memorandum must not exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length must have a table of contents and a table of authorities cited.

23. Plaintiff's counsel must serve a copy of this order on all parties that later enter this case.

**IT IS SO ORDERED.**

Dated: June 22, 2020

_____
Honorable Linda Lopez
United States Magistrate Judge