UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SCHATZ,<br><br>  Plaintiff,<br><br>v.<br><br>FLOWERS BAKING CO. OF HENDERSON, LLC; and DOES 1-50,<br><br>  Defendant. | Case No.: 20cv513-H-LL<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S FURTHER DEPOSITION**<br><br>**[ECF No. 25]** |

Before the Court is Defendant's Motion to Compel Plaintiff's further deposition [ECF No. 25 ("Motion" or "MTC"); SEALED ECF No. 32, Exhibit C to MTC] and Plaintiff's opposition [ECF No. 29 ("Opposition" or "Oppo.")]. For the reasons set forth below, the Court **GRANTS** Defendant's Motion.

**I.    BACKGROUND**

On February 11, 2020, Plaintiff filed a complaint against his former employer in state court, alleging claims of disability discrimination, failure to provide reasonable accommodation, failure to engage in the interactive process, and constructive termination. ECF No. 1-2. Defendant removed the case to federal court on the basis of diversity jurisdiction. ECF No. 1.

/ / /

1  At issue here is Exhibit 51, introduced by Defendant's counsel at Plaintiff's
2  deposition on January 22, 2021. ECF No. 25-1, Declaration of Cody J. Cocanig (hereinafter
3  "Cocanig Decl."), ¶ 3; ECF No. 29-1, Declaration of Matt Blum (hereinafter "Blum
4  Decl."), ¶ 3. Exhibit 51 is a copy of Plaintiff's application for disability benefits submitted
5  to the California Employment Development Department ("EDD"), which was produced to
6  Plaintiff and Defendant in December 2020 by counsel for Plaintiff's treating physician in
7  response to a subpoena. Blum Decl. ¶ 3; Cocanig Decl. ¶¶ 3, 8; SEALED ECF No. 32.

8  Plaintiff's counsel objected to the introduction of Exhibit 51 at Plaintiff's deposition
9  and instructed Plaintiff not to answer any questions about Exhibit 51 based on privilege of
10 the documents pursuant to California Unemployment Insurance Code Sections 1094(a),
11 1094(b), 1095, 2111, and 2714. Blum Decl. ¶ 3; Cocanig Decl. ¶¶ 6, 7; ECF No. 25-3,
12 Exhibit B to MTC, at 5–9. Defendant brings this Motion to compel Plaintiff to appear for
13 one additional hour of deposition testimony related to Exhibit 51 and related information.
14 MTC at 6.

## II.    LEGAL STANDARD

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). District courts also have broad discretion to limit discovery to prevent its abuse. See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample

opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

Pursuant to Federal Rule of Civil Procedure 37, "a party may move for an order compelling disclosure of discovery." Fed. R. Civ. P. 37(a)(1). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirement" of Rule 26. Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer, 285 F.R.D. 481, 485 (N.D. Cal. 2012). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of "clarifying, explaining and supporting its objections." DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)).

In diversity actions, a federal court will apply state law to questions of privilege. In re California Pub. Utilities Comm'n, 892 F.2d 778, 781 (9th Cir. 1989); see also Fed. R. Evid. 501 ("But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.).

## III. DISCUSSION

### A. Relevance

The parties do not squarely address the relevance of questioning Plaintiff regarding his EDD application. However, they make some statements that touch on relevance in arguing how each would be prejudiced in this determination of privilege. Defendant argues that it should be able to obtain relevant testimony from Plaintiff regarding his EDD application to determine "whether statements made in the application are consistent with the allegations and evidence asserted in this action." MTC at 5–6. Plaintiff argues that there is no inconsistency between the EDD application and Plaintiff's statements regarding the requirements of his job, and so there is no prejudice to Defendant if the privilege is upheld. Oppo. at 6.

/ / /

The Court has reviewed Exhibit 51 and finds that because it is a statement from Plaintiff regarding his temporary disability and resulting inability to work, the document itself is relevant and deposition testimony from Plaintiff regarding Exhibit 51 would be relevant to Plaintiff's claims of disability discrimination and Defendant's defenses of nondiscrimination.

### B.  Privilege

Plaintiff argues that he does not need to answer questions regarding Exhibit 51 because it is privileged pursuant to California's Unemployment Insurance Code, "not admissible in evidence in any action or special proceeding," and this litigation is not an exception to the privilege. Oppo. at 3–4. Plaintiff further argues that there is a public policy interest in complete honesty from the disability claim applicant that supports the privilege of confidentiality and demonstrates that the privilege "is intended for the benefit of the Department *and the individual*, thus supporting a position that Plaintiff should be able to enforce the privilege as well." Id. at 5.

California Unemployment Insurance Code Section 1094 states the following:

> (a) Except as otherwise specifically provided in this code, the information obtained in the administration of this code is confidential, not open to the public, and shall be for the exclusive use and information of the director in discharge of his or her duties.
> (b) The information released to authorized entities pursuant to other provisions of the code shall not be admissible in evidence in any action or special proceeding, other than one arising out of the provisions of this code or one described in Section 1095.

Cal. Unemp. Ins. Code § 1094.

California Unemployment Insurance Code Section 2111 includes the following:

> Except as otherwise provided in Section 1094, and except with respect to information furnished by the department in connection with its participation as a party or as a lien claimant in a judicial or administrative proceeding, information obtained in the course of administration of this division is confidential and shall not be published or open to public inspection in any manner.

Cal. Unemp. Ins. Code § 2111.

California Unemployment Insurance Code Section 2714 states the following:

> All medical records of the department obtained under this part, except to the extent necessary for the proper administration of this part, or as provided elsewhere in law shall be confidential and shall not be published or be open to public inspection in any manner revealing the identity of the claimant or family member, or the nature or cause of his or her disability. Medical records that are disclosed shall be disclosed only pursuant to Section 1095, and shall remain confidential.

Cal. Unemp. Ins. Code § 2714.

The Supreme Court of California has recognized that sections 1094 and 2111 of the California Unemployment Insurance Code reflect a legislative purpose to preserve the confidentiality of information submitted to the EDD.[1] Crest Catering Co. v. Superior Ct. of Los Angeles Cty., 62 Cal. 2d 274, 277 (1965). However, the state Supreme Court also found that this privilege may be waived "(1) by an intentional relinquishment or (2) as the result of an act which, according to its natural import, is so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished." Id. at 278 (internal quotation marks and citation omitted). "One example of an inconsistent act is the bringing of a lawsuit, the gravamen of which is 'so inconsistent with the continued assertion of the . . . privilege as to compel the conclusion that the privilege has in fact been waived.'" Chavez v. Sw. Key Program, Inc., No. 11cv1878-CAB (NLS), 2012 WL 12868258, at *2 (S.D. Cal. Aug. 2, 2012) (quoting Wilson v. Superior Ct., 63 Cal. App. 3d 825, 830 (Ct. App. 1976)).

Here, the Court finds that Plaintiff has waived the protection of the EDD disability application by bringing a lawsuit alleging disability discrimination. See id. In an analogous situation, a California appellate court examined the following rationale for finding a

---

[1] The Court finds that California Unemployment Insurance Code Section 2714 is substantially similar to California Unemployment Insurance Code Section 1094, such that it also reflects a legislative purpose to preserve the confidentiality of the submitted medical records, but that this privilege may be waived. See Crest Catering Co. v. Superior Ct. of Los Angeles Cty., 62 Cal. 2d 274, 277 (1965).

patient-litigant exception to the physician-patient privilege:

> The whole purpose of the privilege is to preclude the humiliation of the patient that might follow disclosure of his ailments. When the patient himself discloses those ailments by bringing an action in which they are in issue, there is no longer any reason for the privilege. The patient-litigant exception precludes one who has placed in issue his physical condition from invoking the privilege on the ground that disclosure of his condition would cause him humiliation. He cannot have his cake and eat it too.

Wilson v. Superior Ct., 63 Cal. App. 3d at 829 (quoting City & Cty. of San Francisco v. Superior Ct. In & For City & Cty. of San Francisco, 37 Cal. 2d 227, 232 (1951)). That same rationale applies here. A central part of Plaintiff's litigation is Plaintiff's disability and whether he could perform all the essential functions of the job with or without reasonable accommodation. See Chavez v. Sw. Key Program, Inc., 2012 WL 12868258, at *2. Plaintiff has disclosed his disability by bringing an action in which they are at issue, and so the gravamen of Plaintiff's disability discrimination suit is inconsistent with the assertion of privilege over the EDD application for disability benefits, which waives the privilege.[2] See Romano v. AT&T Mobility Servs., LLC, No. 320cv00698JLSKSC, 2020 WL 6741677, at *3 (S.D. Cal. Nov. 17, 2020) ("The Court finds Plaintiff has waived the protection of the EDD and UIAB documents 'by maintenance of an action inconsistent with the assertion of the privilege.'" (citation omitted)); Cabrales v. Aerotek, Inc., No. EDCV 17-1531-JGB-KKX, 2018 WL 2121829, at *4 (C.D. Cal. May 8, 2018) ("[T]he Court finds to the extent the EDD documents are protected under California law, such protection has been waived because 'the gravamen of the disability discrimination suit is inconsistent with the continued assertion of the protections of the California Unemployment Insurance code for documents relating to disability applications and

---

[2] Because the Court finds that Plaintiff has waived privilege as to the EDD application, Plaintiff's argument that the EDD application was improperly produced as privileged also fails. Additionally, it was waived by intentional relinquishment by the third party. See Crest Catering Co. v. Superior Ct. of Los Angeles Cty., 62 Cal. 2d at 278.

benefits.'" (citation omitted)); <u>Chavez v. Sw. Key Program, Inc.</u>, 2012 WL 12868258, at *2; <u>Wilson v. Superior Ct.</u>, 63 Cal. App. 3d at 830. Accordingly, the Court finds that Plaintiff has failed to meet his burden that discovery should be prohibited and **GRANTS** Defendant's Motion. <u>See</u> <u>DIRECTV, Inc. v. Trone</u>, 209 F.R.D. at 458. To the extent that the parties have legitimate privacy concerns in the absence of privilege, such material may be handled according to the parties' protective order. <u>See</u> ECF No. 19.

### IV.   CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's Motion to Compel as follows: Plaintiff shall appear for one additional hour of deposition testimony related to Exhibit 51 and related information on or before **March 24, 2021**.

**IT IS SO ORDERED**.

Dated:  March 17, 2021

_____
Honorable Linda Lopez
United States Magistrate Judge